1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK M. BOWERSOCK,<br><br>Plaintiff,<br><br>v.<br><br>KERNAN, et al.,<br><br>Defendants. | Case No. 1:18-cv-01040-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISMISSAL OF ACTION<br><br>(ECF No. 18)<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE THIRD CONSENT OR DECLINE ORDER ON PLAINTIFF<br><br>**THIRTY (30) DAY DEADLINE** |

## I.     Background

Plaintiff Mark M. Bowersock ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.  This action was initiated in the United States District Court for the Northern District of California on March 9, 2018, (ECF No. 1), transferred to the Southern District on June 27, 2018, (ECF No. 9), and finally transferred to the Eastern District on August 2, 2018, (ECF No. 13).  The Court granted Plaintiff's motion to proceed *in forma pauperis* on August 3, 2018.  (ECF No. 16.)  Currently pending is Plaintiff's response to the Court's orders requiring Plaintiff to consent to or decline the jurisdiction of a United States Magistrate Judge.  (ECF Nos. 15, 17.)

Currently before the Court is Plaintiff's "Motion to Dismiss Case," filed October 15, 2018.  (ECF No. 18.)  Plaintiff moves to dismiss this case because he lacks the funds to pay the

1

$350.00 filing fee.  Plaintiff further alleges that due to various medical conditions, he is at high risk medical, and yet he has been transferred to SAT-F, a "Valley Fever Prison."  Though he does not state so explicitly, it appears that Plaintiff believes his transfer is a result of retaliation by the defendants.  Plaintiff requests that this action be dismissed, under the following conditions: (1) Plaintiff not be charged the $350.00 filing fee and any withheld funds be returned to Plaintiff's trust account; (2) Plaintiff be transferred immediately back to a non-Valley Fever prison; and (3) Plaintiff's medical status be returned to "High Risk," or the Court issues an order for Sacramento to explain why his status was lowered with no exam or consultation.  Plaintiff states that he is confused with the legal process due to chronic traumatic encephalopathy, and that he doesn't understand how to respond to the Court's requests.  (Id.)

## II.     Relief from Filing Fee

As noted above, the Court has granted Plaintiff's request to proceed *in forma pauperis* in this action.  (ECF No. 16.)  Accordingly, Plaintiff is now required to pay the $350.00 filing fee in installments withdrawn from his prisoner trust account, as required by Title 28 U.S.C. § 1915(b)(1), which states:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-monthly period immediately proceeding the filing of the complaint or notice of appeal.

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to reduce or waive the payment of Plaintiff's filing fee, suspend collection of the filing fee, or to reimburse any payments already made.  This is true whether Plaintiff decides to voluntarily dismiss this action or not.

## III.    Transfer and Medical Status

To the extent Plaintiff requests, as a condition of dismissal, that the Court order the Department of Corrections to transfer him to a specific prison, or to take any action regarding

Plaintiff's medical status, the Court lacks jurisdiction to do so. The complaint has not yet been screened, and no defendants have been served. Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

Finally, even assuming the Court had jurisdiction to enter such an order, prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). Meachum v. Fano, 427 U.S. 215, 224–25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244–45 (1983).

**IV.     Consent or Decline Order**

Plaintiff has expressed confusion as to how to respond to the Court's orders. Currently, the only order Plaintiff must respond to is the Court's order for Plaintiff to consent to or decline the jurisdiction of a Magistrate Judge. As explained in that order, Plaintiff may consent to have a Magistrate Judge conduct all proceedings and enter judgment in the case subject to direct appellate review by the Ninth Circuit Court of Appeals. If Plaintiff does not wish for a Magistrate Judge to conduct all proceedings and enter judgment in the case, a Magistrate Judge will perform only those duties as required by Eastern District Local Rule 302. Plaintiff may withhold his consent without any negative substantive consequences, if he so chooses.

As the deadline for Plaintiff to respond to the consent or decline order has expired, the Court will direct the Clerk of the Court to send Plaintiff a new consent or decline form, and provide Plaintiff with a **_final_** opportunity to complete the form. Plaintiff should check one box indicating whether he consents or declines the jurisdiction of a Magistrate Judge, and sign and date underneath his choice.

**V.     Conclusion and Order**

Based on the foregoing, Plaintiff's motion to dismiss, with the requested conditions, must be denied. However, the Court notes that Plaintiff may request to voluntarily dismiss this action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). However, this

3

dismissal will **not** relieve Plaintiff of his obligation to pay the $350.00 filing fee for this action, and it will **not** guarantee Plaintiff's transfer to any particular prison.

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's motion to dismiss case, (ECF No. 18), is DENIED, without prejudice to re-filing without attached conditions;

2. The Clerk of the Court is directed to send Plaintiff a third consent or decline form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall complete the consent or decline form, as explained above; and

4. **Plaintiff's failure to respond will result in dismissal of this action for failure to prosecute and failure to obey a court order.**

IT IS SO ORDERED.

Dated: __October 24, 2018__          _/s/ Barbara A. McAuliffe_
UNITED STATES MAGISTRATE JUDGE