# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK M. BOWERSOCK,<br><br>    Plaintiff,<br><br>    v.<br><br>KERNAN, et al.,<br><br>    Defendants. | Case No. 1:18-cv-01040-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 20)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Mark M. Bowersock ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This action was initiated in the United States District Court for the Northern District of California on March 9, 2018, (ECF No. 1), transferred to the Southern District on June 27, 2018, (ECF No. 9), and finally transferred to the Eastern District on August 2, 2018, (ECF No. 13). Plaintiff's complaint has not yet been screened.

On October 15, 2018, Plaintiff filed a "Motion to Dismiss Case" with several conditions for dismissal, including relief from the filing fee, transfer to a non-Valley Fever prison, and adjustment of Plaintiff's medical status. (ECF No. 18.) The Court denied the motion on October 24, 2018, explaining that the Court was unable to grant the conditions requested, and therefore did not enter dismissal of the action. (ECF No. 19.) The Court noted that Plaintiff was free to

resubmit a notice of voluntary dismissal, without conditions.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed November 5, 2018. (ECF No. 20.) In his motion, Plaintiff requests that the Court appoint a lawyer to represent him, order CDCR to pay the full $350.00 filing fee plus damages for retaliation, stop the ongoing retaliation,[1] and transfer Plaintiff out of the Central Valley "Valley Fever" area, where Plaintiff has been transferred in retaliation. (Id.) The Court construes the filing as a motion for counsel and a motion for preliminary injunction.

## II.     Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

///

---

[1] Although Plaintiff's motion reads, "Stop the ongoing Retaliation By Plaintiffs," the Court assumes that Plaintiff intended to seek relief related to alleged retaliation by Defendants.

2

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not been screened. Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff's complaint will be screened in due course.

### III.     Preliminary Injunction

#### A.     Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555

1 | U.S. at 491−93; Mayfield, 599 F.3d at 969.

**B.    Discussion**

As explained in the Court's order denying Plaintiff's motion to dismiss the case, Plaintiff has not met the requirements for the injunctive relief he continues to seek in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any prison officials, and it cannot issue an order requiring them to take, or forbid them from taking, any action. This includes requiring them to pay any portion of Plaintiff's filing fee, payment of any damages, or transferring Plaintiff to or from any institution.

Finally, even assuming the Court had jurisdiction to enter such an order, prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). Meachum v. Fano, 427 U.S. 215, 224–25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244–45 (1983).

**IV.    Conclusion and Order**

Accordingly, the Court HEREBY ORDERS that Plaintiff's motion to appoint counsel, (ECF No. 20), is DENIED without prejudice.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 20), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **November 19, 2018**           /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE